---
Walker v. Burbridge.
---

Thomas S. Walker v. J. W. Burbridge and others.

Commissioners appointed by the Governor of this State, under the statute, to take acknowledgments, &c,. have power to take and certify the answers of a party to a suit, to interrogatories propounded by the adverse party.

Error from Gonzales. Tried below before the Hon. Fielding Jones.

Suit on a draft by defendant in error against plaintiff in error. Answer of payment, and interrogatories propounded to plaintiffs to prove payments. Answers taken before a Commissioner for Texas in New Orleans, denying payments. No action on the answers, except that they were read in evidence by the plaintiffs, apparently without objection. Next before the petition for the writ of error, there occurred what purported to be a motion to strike out plaintiff's answers to defendant's interrogatories, on the ground that they were not taken by an officer authorized by law. The motion was not marked filed, and no action of the Court thereon was recorded. Verdict and judgment for plaintiffs.

*Harwood & McKean* and *E. Lewis*, for plaintiff in error.

*Parker & Nichols*, for defendants in error.

Lipscomb, J. The brief of the plaintiff in error, in this case, presents the same point decided in the case of Pennell & Lovett v. Casey & Reese, No. 857. But it was not taken in the Court below. At the close of the record, immediately preceding the Clerk's authentication of the record, an exception appears in the transcript, but it does not show when filed, nor whether it was presented to the Court. It ought not to have

been regarded by the Clerk as a part of the record ; as it appears on the transcript, it is most likely it was placed among the papers of the file, after judgment. The case above cited was affirmed without giving the damages, because the exception was fairly presented to the Court below. This is affirmed with ten per cent. damages for delay.

Affirmed with damages.